IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dywain Camel McKenzie,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Sr. Cpl. Glisson, et al,  )<br>  )<br>Defendants.  )<br>_____) | Case No. 5:21-3779-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 28) recommending that the Court dismiss this action with prejudice because Plaintiff fails to state a claim upon which relief can be granted despite being afforded the opportunity to address identified deficiencies through an amended complaint. Plaintiff has filed no objections to the R & R. The Court adopts the R & R as the order of the Court.

I. **Legal Standards**

   a. **Fed R. Civ. P. 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true

unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. *Pro Se Pleadings*

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

-3-

## II. Discussion

Plaintiff, proceeding *pro se*, asserts claims as an inmate incarcerated at the Sumter Lee Regional Detention Center against various officers employee at the Detention Center. These include claims related to conditions of confinement, denial of due process, discrimination, and intentional deprivation of personal property. In a comprehensive nine page order, the Magistrate Judge ably summarized the factual and legal issues involved in each claim and correctly concluded that Plaintiff fails to state any claim in which relief can be granted. Plaintiff has filed no objections to the R & R. The Court **ADOPTS** the R & R (Dkt. No. 28) as the order of the Court and **DISMISSES** this action **WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 27, 2022
Charleston, South Carolina